UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHRYN SUE ROBERTSON PRENTICE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> ) <br> Defendant. ) | Case No. 1:12-cv-01335-TWP-MJD |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Kathryn Sue Robertson Prentice ("Mrs. Prentice"), requests judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her application for Social Security Disability Insurance Benefits under Title II of the Social Security Act ("the Act"). For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

**I. BACKGROUND**

**A.     Procedural History**

Mrs. Prentice filed for disability insurance benefits in June 2006, alleging a disability beginning January 1, 1983, resulting from interstitial cystitis and fibromyalgia. After being denied initially and after reconsideration, Mrs. Prentice requested a hearing before an Administrative Law Judge ("ALJ"). Mrs. Prentice's counsel then withdrew the request and the ALJ dismissed Mrs. Prentice's request for a hearing. Mrs. Prentice, acting *pro se*, asked the Appeals Council to review the ALJ's dismissal, and the Appeals Council granted the request for review. The matter was remanded to the ALJ for a hearing. The ALJ held a hearing in January 2011. Mrs. Prentice was informed of her right to representation and chose to appear and testify

without the assistance of an attorney or other representative. The ALJ issued a decision finding that Mrs. Prentice was not disabled; a decision that was affirmed by the Appeals Council. Mrs. Prentice now seeks judicial review of this decision.

**B.     Factual History**

At the time of her hearing, Mrs. Prentice was 58 years old. She has a GED and last worked as a waitress, cook and dishwasher when Jimmie Carter was President. Mrs. Prentice suffers from interstitial cystitis[1], bladder problems, post-traumatic stress disorder, neuropathy, depression, and other impairments. Her alleged onset date is January 1, 1983, and her date last insured is March 31, 1983. The earliest medical evidence of record is from 1986. This evidence shows that Mrs. Prentice underwent two dilation and curettage procedures in 1984 and a dilation, curettage, and laparoscope in 1985. She underwent a total hysterectomy in 1986, as well as treatment for recurrent and chronic pelvic infections. Mrs. Prentice was eventually diagnosed with interstitial cystitis in 1987. Mrs. Prentice testified that for many years she was told her symptoms were "female problems". She explained she has "been trying since 2001" to get into court, but it took her this long to file for benefits because interstitial cystitis is very hard to diagnosis and she has been sick.

## II.  DISABILITY AND STANDARD OF REVIEW

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous

---

[1] Interstitial cystitis is a long-term (chronic) inflammation of the bladder wall. http://www.ncbi.nlm.nih.gov pubmedhealth/. Last visited January 16, 2014.

work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience.  42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis.  At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition and other factors.  20 C.F.R. § 416.920(a)(4)(i).  At step two, if the claimant does not have a "severe" impairment (i.e. one that significantly limits her ability to perform basic work activities) that meets the durational requirement, she is not disabled.  20 C.F.R. § 416.920(a)(4)(ii).  At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled.  20 C.F.R. § 416.920(a)(4)(iii).  In order to determine steps four and five, the ALJ must determine the claimant's Residual Functioning Capacity, which is the "maximum that a claimant can still do despite [her] mental and physical limitations."  *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p).  At step four, if the claimant is able to perform her past relevant work, she is not disabled.  20 C.F.R. §416.920(a)(4)(iv).  At step five, if the claimant can perform any other work in the national economy, she is not disabled.  20 C.F.R. § 416.920(a)(4)(v).  When applying this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step. *Zurawski v. Halter*, 245 F.3d 881, 885-86 (7th Cir. 2001).

In reviewing the ALJ's decision, this Court must uphold the ALJ's findings of fact if the findings are supported by substantial evidence and no error of law occurred.  *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).  "Substantial evidence means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Further, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 562 (7th Cir. 2008). While the Court reviews the ALJ's decision deferentially, the Court cannot uphold an ALJ's decision if the decision "fails to mention highly pertinent evidence, . . . or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome." *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (citations omitted).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).

### III. THE ALJ'S DECISION

At step one, the ALJ determined that Mrs. Prentice last met the insured status requirements of the Social Security Act on March 31, 1983, and that Mrs. Prentice did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 1983 through her date last insured of March 31, 1983. At step two, the ALJ determined there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. Finding no such evidence at step two, the ALJ found that Mrs. Prentice was not disabled.

## IV. **DISCUSSION**

Mrs. Prentice appears to challenge the ALJ's determination that she did not suffer from the medically determinable impairments of post-traumatic stress disorder and interstitial cystitis prior to her last date insured of March 31, 1983. The Court has considered the record and finds that the ALJ's determination under step two is supported by substantial evidence. Thus, the ALJ's finding that Mrs. Prentice is not disabled should be affirmed.

At step two, the ALJ considered the medical evidence of record and Mrs. Prentice's complaints of interstitial cystitis, bladder problems, post-traumatic stress disorder, neuropathy, depression, and other impairments. He noted that Mrs. Prentice asserts that because interstitial cystitis is difficult to diagnose and was virtually unknown until the mid-1980s, she was misdiagnosed and not treated prior to her date last insured. During the hearing at which Mrs. Prentice appeared in person, and in his written decision, the ALJ took care to explain that his inquiry is limited "to whether there is acceptable objective medical evidence that the claimant had a medically determinable impairment prior to March 31, 1983." Dkt. 13-2 at 25. Thus, the ALJ could not simply find that interstitial cystitis is a medically determinable impairment or that Mrs. Prentice currently suffers from the impairment. There must be medical evidence of record which establishes that, prior to March 31, 1983, Mrs. Prentice suffered from a severe impairment.

Noting that the earliest medical record in evidence was from 1986, the ALJ noted that Mrs. Prentice had been treated in 1984 and 1985, but these procedures occurred well after the relevant date of March 31, 1983. The medical records do not contain any indication of treatment in 1983. The ALJ explained, "even if I accepted the claimant's allegations regarding the misdiagnosis of her interstitial cystitis, the evidence fails to demonstrate any treatment for

5

'female problems' or a resulting hysterectomy until after the relevant time period." Dkt. 13-2 at 25. Thus, considering the earliest medical evidence of record in the light most favorable to Mrs. Prentice, the ALJ could not find support for a medically determinable impairment. The Court finds this view is well supported by the record. Mrs. Prentice has not identified any evidence that can challenge the ALJ's determination in this regard.

Further, Mrs. Prentice cites to "facts" supporting her post-traumatic stress disorder. However, this challenge also fails because the medical evidence of record shows no symptoms, treatment, or diagnosis of post-traumatic stress disorder before the date last insured. The facts cited do not contradict the ALJ's determination that the medical evidence of record does not show that Mrs. Prentice suffered from any severe medically determinable impairment between January 1, 1983 and March 31, 1983.

The district court is not allowed to reweigh the evidence. All that is required is that the ALJ support his/her decision with substantial evidence and goes through the proper steps for evaluating disability. In this case that has been done. Although the Court is sympathetic to Ms. Prentice and her plight, the law is not in her favor. Thus, the decision of the ALJ must be affirmed.

## V. CONCLUSION

For the reasons set forth above, the final decision of the Commissioner of the Social Security Administration is **AFFIRMED**.

**SO ORDERED.**

Date: 01/16/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kathryn Sue Robertson Prentice
722 Milton Avenue, Apt. 1
Anderson, Indiana  46012

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov